Curia, per O’Neall, J.
The 3d. sec. of the prison bounds Act, 5 Stat. 78, provides, “that all prisoners in execution on any civil process, who are or shall be committed to the custody of any or either of the sheriffs of the districts or counties of this State, shall be entitled to the benefit of the said rules, bounds or limits, provided he or she shall, within forty days after being taken in execution, give satisfactory security to the sheriff of the district or county where he or she may be confined, (for the solvency of which security the sheriff shall also be answerable) that he or she will not only remain within the said rules, bounds or limits, but will also, within forty days, render to the clerk of the court in the district or county where he or she shall be confined, a schedule, on oath or affirmation, (agreeable to the form of his or her religious persuasion) of his or her whole estate, or of so much thereof as will pay and satisfy the sum due on the execution by force of which he or she shall be confined.”
In Walker vs. Briggs, 1 Hill, 121, it was held that the prisoner in execution must render to the clerk his schedule within forty days from the date of the bond. The case before us makes the question whether the day of the date of the bond is to be included or excluded in the computation of the forty days allowed for the filing of the schedule. The cases of Smyth ads. Ex'ors. of Wigfall, and Bauxbaum and Trescott ads. the Same, 2 McC. 135, decide nothing on this point, for it is plain, on reading the opinion, that the Judges assumed that the forty *97 days, allowed for filing the schedule, had fully expired, and it is possible that it was then supposed that the computation began from the arrest; for include the day of the date of the bond, in that case, and the schedule was filed on the fortieth day, and was clearly within time, in any possible point of view. In Williamson vs. Farrow, 1 Bail. 616, the rule of computing time was fully considered, and, subsidiary to the manifest intention of the parties, to be collected from their contracts or other written instruments, it was held that, wherever to consider thefflav of the date or an act done as inclusive Ibtói-ture or divest a right, that then it sl^^fee consiueie^fas exclusive. Here the words of the raw are. that, 1st. í he shall give bond within forty days Jtjtó^eHf^aami\in execution, and then, 2d. within forty pays render M^scie-dule.. These two provisions are inftftfe^ááiíre^Serftbjíbe, and it would be no violation of constriu^n-to the intention of the Legislature, it is plain that theparty was to have forty days after the execution of his bond. But if the construction is doubtful, and the intention is not so plain as to make it necessary to include the day of the date, it is perfectly clear, in this case, according to the principles of Williamson vs. Farrow, that the day of the date must be excluded. For the other construction would both work a forfeiture and divest a right. The prisoner would thereby forfeit the right to be discharged under the prison bounds Act. Hence the day of the date must be excluded.
I agree entirely with the Judge below, that the decision of the commissioner of special bail did not estop the plaintiff from setting up this breach of the bond. The true rule is stated by my brother Butler, in Brevard, assignee, vs. Wylie, 1 Rich. 38. In that case it was held that the discharge was only conclusive of matters put in issue at the time it was granted. Here no objection, such as that raised, was made to the liberation of the prisoner. Indeed the creditor had a right to consider the securities as fixed if the schedule was not filed within forty days, and hence it was immaterial to him what was done with the person of the debtor.
*98 So, too, I am entirely satisfied that the sheriff Bryan, the successor of Thomasson, to whom the bond was executed, could assign it; for according to its terms, it is payable to sheriff or his successors in office. The 7th sec. of the prison bounds Act, 5 Stat. 79, directs that if the schedule be not filed agreeable to the tenor of the bond, it shall be forfeited, and “assigned to the plaintiff.” There is nothing here which confines the assigning to the sheriff to whom it is payable. That being so, any one in whom is the legal interest, can assign. No one doubts that on the sheriff’s, to whom a prison bounds bond is made payable, going out of office, the legal interest in it vests in his successor, and that he may sue on it. Hence I conclude he may comply with the law and assign the bond to the plaintiff.
On the first ground, however, the plaintiff must fail, for excluding the day of the date, the schedule was filed within forty days, and there is no breach of the condition of the bond.
The motion to reverse the decree is granted.
Evans, Butler, Wardlaw and Frost, JJ. concurred,